**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30054 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00112-MJP |
| v. | |
| CURTIS TYRONE WUDTEE, a.k.a. John Doe, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Curtis Tyrone Wudtee appeals from the district court's judgment and

challenges his 57-month sentence imposed following his guilty-plea conviction for

social security number misuse, in violation of 42 U.S.C. § 408(a)(7)(B);

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

aggravated identity theft, in violation of 18 U.S.C. § 1028A; and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Wudtee first contends that his due process rights were violated by the district court's use of purportedly unreliable information in determining his sentence. Wudtee has proffered no evidence indicating that the challenged information was materially false or unreliable so as to constitute a due process violation. *See United States v. Kimball*, 975 F.2d 563, 567 (9th Cir. 1992). Moreover, the record reflects that the district court did not rely on the disputed information in fashioning Wudtee's sentence.

Wudtee next contends that the district court failed to comply with Federal Rule of Criminal Procedure 32(i)(3)(B) by failing to resolve factual disputes or to determine that the disputed facts would not affect the sentencing. We review de novo, *see United States v. Saeteurn*, 504 F.3d 1175, 1178 (9th Cir. 2007), and find no Rule 32 violation. *See United States v. Petri*, No. 11-30337, 2013 WL 1490604, at *7 (9th Cir. Apr. 12, 2013) ("Rule 32 did not *require* the district court to expressly address those assertions that were not factual objections to the presentence report when it pronounced [defendant's] sentence.").

Wudtee last contends that the cumulative error requires reversal. Because

there are no potential errors, reversal for cumulative error is not warranted. *See*

*United States v. Anekwu*, 695 F.3d 967, 988 (9th Cir. 2012).

**AFFIRMED.**